IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO G. LIRA, | No. C 00-905 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT MANN'S MOTION TO DISMISS** |
| v. | |
| DIRECTOR OF CORRECTIONS OF THE STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Defendant Karen Mann has filed a motion to dismiss based on insufficiency of service of process, which is currently set for a hearing on January 12, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

On March 14, 2000, plaintiff Ernesto Lira, acting *in pro per*, filed his original complaint in this case. Plaintiff alleged that his due process rights were violated in connection with his gang validation process and his continued retention in Administrative Segregation. On January 22, 2001, the Court issued an Order of Service, finding plaintiff's complaint stated a cognizable claim for relief and ordering the U.S. Marshals Service to serve eighteen defendants, including defendant Mann.

On February 26, 2001, the Litigation Coordinator at Duel Vocational Institution (DVI) did not accept service for Mann because Mann no longer worked at that institution. Wolff Decl., Ex. A. On June 21, 2001, the U.S. Marshals Service filed a return of service with the Court stating that service was

refused by DVI with respect to Mann, that the Service had learned that Mann was now working for the Parole Office in Region I located in Sacramento, California, and that the complaint was mailed to this address on March 5, 2001. Feudale Decl. Ex. B; Docket No. 29.[1] The return also stated, "[n]o acknowledgment received as of 6/20/01." *Id.*[2]

Defendants filed an answer to the complaint on October 24, 2001. The answer stated that Mann had not been served, and that no appearance was made on her behalf. On October 30, 2001, plaintiff sent a letter to the Court seeking clarification of the status of Mann's service. He wrote:

> In the answer, page 1, footnote 1, Defendants aver that Defendant K. Mann has not yet been served, nor requested representation, and no appearance is made on behalf of Defendant. On page 6 of Defendants' answer they deny allegations against[] Defendant K. Mann. I am confused, so please answer the following questions. #1. What efforts should I take in order that Defendant K. Mann can be served and represented – please note that I have no access to a phone or any assistance with my cause . . . #2. Can I request that the first defendants provide me with present location of Defendant K. Mann in order to serve her?

Chapman Decl. Ex. A; Docket No. 38. Plaintiff sent another letter on December 5, 2001, advising the Court of the address at which he believed Mann could be served, and repeating his request for guidance:

> Your Honor a Defendant in my ongoing action before this Court has not been served with my complaint and/or civil action against her. Her name is Mrs. K. Mann and to my knowledge her present address is:
>
> > Parole Region One
> > 9825 Goethe Rd. Suite 200
> > Sacramento, Cal. 95827
>
> What do I do? Do I provide this address to the Defendant['s] attorney? Do I again serve her with a complaint and summons? Do I forward this above address to the U.S. Marshals Service? . . . [P]lease advi[s]e me how I may proceed and serve Defendant K. Mann.

*Id.*, Ex. B; Docket No. 45.

In February 2002, plaintiff communicated with Mann directly, informing her that she needed to contact defendants' counsel at the Attorney General's Office, and enclosing a copy of a declaration and

---

[1] Mann's motion papers do not state whether she received that complaint.

[2] The court docket entry incorrectly states that service had been effected upon Mann. *See* Docket No. 29. Although plaintiff emphasizes this fact and states that, as a result of this docket entry, he had "every reason to believe that the Marshals had effected sufficient service on Mann," plaintiff has not submitted a declaration stating that he actually relied on this docket entry.

a set of interrogatories. Mann acknowledges that she received this letter. *See* Def's Motion at 2; Wolff Decl., Ex. B. Plaintiff's letter stated, *inter alia*,

> It took me some time to get your address. I had to get at your boss man E. Alameida Jr. Who is now the Director of Corrections, que no?
>
> Check it out Mrs. K. Mann. You need to contact the attorney who is represented in this civil action as your attorney. His name is Mr. Jonathan L. Wolff, and his number is (415-703-1113).

Wolff Decl. Ex. B. Plaintiff and defendants' counsel then exchanged letters about Mann's status. *Id.* at Ex. C-E. A letter dated March 8, 2002, from defendants' counsel to plaintiff stated:

> To our knowledge, Ms. Mann has not been served in this case. In order for her to be properly served, you should request that the U.S. Marshal's office serve her pursuant to Rule 4 of the Federal Rules of Civil Procedure. For your information, Ms. Mann may be served c/o Litigation Coordinator, Parole Region II, 1515 Clay Street, 10th Floor, Oakland, CA 94612. Only after Ms. Mann has been properly served may discovery be propounded upon her.

*Id.*, Ex. E. On May 16, 2002, plaintiff submitted a request with the U.S. Marshals Service asking the Marshals to serve Mann at the address listed in the March 8, 2002 letter. *See* Chapman Decl. Ex. C; Docket No. 64.

The next day, on May 17, 2002, the Court granted defendants' motion for summary judgment, concluding that plaintiff's complaint contained both exhausted and unexhausted claims, and that the Prison Litigation Reform Act mandated dismissal under such circumstances. Presumably because of the summary judgment order, the U.S. Marshals Service never served Mann as requested in plaintiff's May 16, 2002 letter.

Plaintiff appealed the summary judgment order, and the Ninth Circuit reversed. The case was remanded to this Court on December 28, 2005. Now represented by counsel, on June 28, 2006, plaintiff moved to correct and amend his complaint pursuant to the Ninth Circuit's mandate. By order filed August 29, 2006, the Court granted plaintiff's motion and deemed his amended complaint filed. On October 2, 2006, a summons was issued as to Mann, and she was served with the summons and amended complaint on October 3, 2006.

## DISCUSSION

Mann moves to dismiss the complaint for insufficiency of service of process, contending that

3

plaintiff never served her with the original complaint, and thus that she should be dismissed from this action. Rule 4(m) of the Federal Rules of Civil Procedure authorizes the dismissal of an action if service of the summons and complaint is not effected within 120 days after the filing of the complaint. Rule 4 also provides "that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "At a minimum, 'good cause' means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). "The current rule requires a district court to grant an extension of time if good cause is shown, and permits the district court to grant such an extension even absent good cause." *Mann v Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

The Court concludes that there was good cause for the failure to serve Mann with the original complaint, and finds *Puett v. Blandford*, 912 F.2d 270 (9th Cir. 1990), instructive. In *Puett*, the Ninth Circuit held a district court abused its discretion in dismissing a complaint for failure to timely serve, finding that the plaintiff had demonstrated good cause for the failure to serve because he "conscientiously took numerous steps to ensure that the defendants would be served," and the Marshals Service did not effect proper service. *Id.* at 275. "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure." *Id.*

Here, the record shows that the U.S. Marshals Service first attempted to serve Mann in February 2001 at DVI, and again at a different address after determining that Mann had relocated to the Region I Parole Office in Sacramento, California. There is no indication in the record whether the U.S. Marshals Service further attempted service, despite the notation on the June 2001 return of service that they had not received an acknowledgment of service as of June 22, 2001. Once defendants filed an answer in October 2001 stating that Mann had not been served, plaintiff promptly acted to cure the

deficiency in service. Plaintiff immediately sent a letter to the Court seeking clarification and assistance with serving Mann. Plaintiff sent another letter to the Court on December 5, 2001, providing what he believed was Mann's new work address at the Region I Parole Office in Sacramento. Plaintiff continued to take steps regarding service of Mann, communicating with her directly in February 2002, and then corresponding with defendants' counsel about how to effect service on Mann. Defense counsel advised plaintiff to request a renewed service attempt by the U.S. Marshals Service, and provided plaintiff with the correct address for Mann. Plaintiff followed that advice and requested renewed service by letter lodged May 16, 2002. Service was never effected, presumably due to the Court's May 17, 2002 order granting summary judgment in favor of defendants. Plaintiff has established good cause to excuse the failure to timely serve Mann with the original complaint because he acted diligently to cure the deficiencies in service.

The Court further finds that the other factors mentioned in *Boudette* weigh in favor of excusing the service deficiency. Mann does not deny that she received actual notice of the lawsuit by plaintiff's February 5, 2002 letter to her, and the record is unclear as to whether Mann received the complaint that the U.S. Marshals Service mailed to her at the Sacramento office in March 2001.

Relatedly, the Court finds that Mann will not be prejudiced from the failure to serve the original complaint. Mann asserts that she will be prejudiced because the events giving rise to plaintiff's complaint occurred in 1996, and thus "it is likely that her memory with respect to many of the allegations against her has faded." Reply at 7. However, because Mann had actual notice of the lawsuit no later than February 2002, she could have taken steps at that time to preserve her memories of the events at issue. Moreover, the passage of time in this case is due largely to the appeal of the summary judgment order, and all defendants will face this same difficulty of fading memories.

Plaintiff would also be severely prejudiced if defendant Mann's motion to dismiss was granted because the claims against Mann would likely be time-barred. *See* Fed. R. Civ. P. 4(m) Adv. Comm. Notes (1993) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . ."); *see also Mann*, 324 F.3d at 1090 (discussing Rule 4(m) and 1993 Advisory Committee Notes quoted *supra*).

Finally, the Court notes that even if plaintiff had not established good cause under Rule 4(m),

5

the Court would exercise its discretion to extend the time to serve Mann past the 120-day deadline. Plaintiff has been incarcerated in Administrative Segregation during the pendency of this lawsuit, and was acting *pro se* for much of this litigation. The record reflects some degree of confusion as to Mann's location and proper address for service. Once alerted to the deficiency in service on Mann, plaintiff took a number of steps to cure the deficiency, including directly contacting Mann and corresponding with defendants' counsel, and requesting that the U.S. Marshals Service re-serve Mann.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendant Mann's motion to dismiss. (Docket No. 107).

**IT IS SO ORDERED.**

Dated: January 8, 2007

SUSAN ILLSTON
United States District Judge