IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERNESTO G. LIRA,                                                No. C 00-00905 SI

       Plaintiff,                                              **ORDER RE: DISCOVERY DISPUTE**

  v.

DIRECTOR OF CORRECTIONS OF THE
STATE OF CALIFORNIA, et al.,

       Defendants.
_____/

      This order addresses a discovery dispute concerning a proposed protective order.[1] The parties dispute whether the names of non-plaintiff inmates, parolees and civilians should be redacted from all discovery, regardless of its confidential nature.[2] Defendants contend that it is important to redact these names in order to protect the safety and security of confidential informants who have implicated plaintiff in gang and criminal activity. However, plaintiff has already agreed to limit confidential documents to plaintiff's counsel, staff and retained experts, all of whom are required to sign a confidentiality pledge. In addition, the parties have agreed that no one can disclose confidential information to plaintiff, members of plaintiff's family, friends or associates of plaintiff, or to any other inmate or parolee. Finally, the parties have also agreed that no informant disclosed in the confidential material may be contacted or deposed without agreement of counsel or further order of the Court.

---

[1] The parties' letter briefs do not appear on the Court's docket. If the parties have not filed the letter briefs with the Clerk's office they should do so.

[2] Although defendants' letter brief states that this redaction would only apply to confidential documents, defendants' proposed protective order provides that the redaction would apply to all documents.

Based on these provisions, the Court finds that there are sufficient safeguards to protect the security of confidential informants, and that defendants' proposal of an *in camera* review is unnecessary. The Court is persuaded that defendants' proposed language would hamper plaintiff's counsel's ability to meaningfully investigate the validating information used by CDCR to justify plaintiff's gang designation. Accordingly, the Court agrees with plaintiff's proposed language on this matter.

Next, the parties dispute the description of confidential documents subject to the protective order. Plaintiff's version seeks to limit the protective order to documents contained in the confidential portion of plaintiff's "C-file," writings disclosing the identities of confidential informants, and court documents related to these items. Defendants assert that many of the documents related to plaintiff's gang validation may not be located in plaintiff's C-file, and thus that the protective order must specifically mention any and all documents likely to contain confidential gang information, regardless of its location. Plaintiff contends that defendants' version is overbroad, vague and confusing, and that the problem is compounded by the fact that defendants' version also states that any document falling within an enumerated category is subject to the protective order even if it is not stamped confidential.

The Court is mindful of defendants' concerns regarding preserving the confidentiality of sensitive materials, and finds it is prudent not to limit the description of confidential documents to those found in plaintiff's C-file. Accordingly, the Court finds that defendants' proposed language is generally acceptable. However, the Court agrees with plaintiff that, in order to minimize confusion, the protective order should provide that only documents which have been stamped "Confidential Material Pursuant to Protective Order" are subject to the order.

Finally, the parties dispute whether the protective order should apply to defense experts and consultants. Defendants' proposed version states that "the limitations on access to Confidential Material contained in the foregoing provisions of this order do not apply to Defendants, their counsel, employees, representatives, consultants or experts." While the Court agrees with defendants that there is no need to extend the protective order to defendants, their counsel, employees or representatives, the Court agrees with plaintiff that, in light of the safety and security concerns expressed by defendants, the protective order should also cover defendants' consultants and experts.

Accordingly, the parties shall finalize the terms of the protective order in accordance with this order.

**IT IS SO ORDERED.**

Dated: May 10, 2007

SUSAN ILLSTON
United States District Judge