1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Senior Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  SCOTT J. FEUDALE, State Bar No. 242671
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5871
    Fax: (415) 703-5843
8   Email: Scott.Feudale@doj.ca.gov

9  Attorneys for Defendants Richard Kirkland, Teresa A.
   Schwartz, James R. Cox, Richard L. Pederson, Barry
10 J. O'Neill, Daniel R. Smith, Victor Almager, Karen
   Mann, Louis L. Olivas, Steven P. Dwight, Patrick S.
11 Nowling, Monte K. Day, John E. Maykel, Steven R.
   Moore, Kirsten J. Slatten, Weldon J. Olmstead,
12 Edward S. Alameida, Jr., Donald R. Busser, Steve
   Herrera, Brian Fielder, Jose Chavez, Darlene Pizzella,
13 John D. Stokes, Allen K. Scribner, Cara M. Patten,
   Darin W. Bradbury, Cheryl Bolles, Brian Heaps,
14 Jeffrey M. Briddle, Matthew J. Nimrod, Donald D.
   Bruce, Kenneth R. Cruse and Mark Piland

RECEIVED
07 MAY 18 AM 10:28
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ERNESTO LIRA, | Case No. C-00-0905 SI |
|---|---|
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| DIRECTOR OF CORRECTIONS, et al., | |
| Defendants. | |

    Subject to the approval of the Court, the undersigned parties stipulate that the provisions of this protective order shall apply to the confidential materials, described below, that are obtained by Plaintiff's counsel from the California Department of Corrections and Rehabilitation (CDCR),

Defendants, or their counsel. Defendants assert that the materials covered by the protective order have been deemed confidential by the CDCR for safety and security reasons, and have been restricted from general distribution, including, but not limited to inmates, parolees, and the public.

1. This order covers materials which are specifically designated as confidential in the following categories:

    (a) Documents contained in the central prison file, medical file, or parole files of an inmate or former inmate, with the exception of non-confidential documents contained in Plaintiff's central prison files, medical files, or parole files;

    (b) Any personal information regarding an inmate, former inmate, or staff member employed or formerly employed by the CDCR which may be contained in any of the materials produced to Plaintiff's counsel, with the exception of non-confidential personal information regarding Plaintiff. Personal information consists of addresses, telephone numbers, social security numbers, birth dates, names of family members, disciplinary information, gang information, prison classification information and history, and medical or psychiatric records;

    (c) Any and all confidential gang affiliation or membership information, including, but not limited to, gang validation documents and debriefing documents;

    (d) Information regarding the identity of a confidential informant;

    (e) All documents or other tangible items relied upon by prison officials to validate or re-validate Plaintiff as an associate of the Northern Structure prison gang, which have been marked confidential and have not been previously produced to Plaintiff;

    (f) Any and all writings or other communications documenting any efforts to investigate the reliability of information used to validate or re-validate Plaintiff as an associate of the Northern Structure prison gang;

    (g) Any statements made by Plaintiff or any other person contained in the debriefing documents used to validate, or re-validate, or investigate Plaintiff as an associate of the Northern Structure Prison gang;

    (h) Any writings or other communications between Officer Romero of the Merced

Stip. Protective Order

*Lira v. Director of Corrections, et al.*
Case No. C-00-0905 SI

1 County Sheriff's Department and CDCR officials, which in anyway reveal the identity of other inmates who may have provided information on Plaintiff's association with the Northern Structure prison gang;

  (i) All testimony regarding items (a) through (h);

  (j) All motions, exhibits and attachments thereto and hearings regarding items (a) through (h); and

  (k) All court testimony regarding items (a) through (h).

2. All or portions of any writing produced to Plaintiff by the CDCR, Defendants or their counsel, including information falling within one or more of the categories enumerated in Paragraph One (1), as well as any testimony given in this action by the CDCR, Defendants, or their counsel, may be designated confidential material by Defendants' counsel causing such material to be stamped "Confidential Material Pursuant to Protective Order." When a document consists of more than one page, the first page and each page on which confidential information appears will be stamped with this designation. When only a portion of the material contained on a page is deemed confidential, that portion shall be appropriately identified. As set forth below, any failure to stamp appropriate material as confidential shall not operate as a waiver of this claim after the failure is discovered.

3. All documents designated and stamped "Confidential Material Pursuant to Protective Order" and produced by the CDCR, Defendants, or their counsel to Plaintiff's counsel shall be regarded as confidential and subject to this protective order. Such material is referred to as "Confidential Material."

4. The Confidential Material may be disclosed only to the following persons:

  (a) The Court, court personnel, ADR personnel, stenographic reporters employed by the Court who are involved in proceedings in this action;

  (b) Counsel for Plaintiff;

  (c) Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel for Plaintiff and designated by counsel for Plaintiff to review or handle such materials;

  (d) Experts or consultants (including jury consultants) retained by counsel for

Stip. Protective Order

*Lira v. Director of Corrections, et al.*
Case No. C-00-0905 SI

3

1 Plaintiff and Defendants for purposes of this action;

2     (e) Court reporters;

3     (f) Litigation support providers (for example, outside copy services, coding and imaging vendors, graphic art and visual aid providers) whose duties and responsibilities require access to Confidential Material; and

6     (g) Any other person as to whom the Plaintiff and Defendants in writing agree.

This stipulation is intended to and does preclude counsel for Plaintiff, individuals mentioned in Paragraph Four (4), subsections (a)-(g), or any other person from disclosing Confidential Material to Plaintiff, members of Plaintiff's family, friends, or associates of Plaintiff, or to any other inmate or parolee. Confidential Material may be used in depositions only if, at the time of examination concerning such material, no other individuals other than those to whom Confidential Material may be disclosed are present. Confidential Material may be used during the depositions of Defendants, current or former employees of the CDCR (including medical staff and parole agents), non-CDCR law enforcement employees, and other persons employed at CDCR facilities (with the exception of inmates and parolees).

Except for the Court and counsel for Plaintiff, each such person listed above to whom disclosure of Confidential Material is made shall, prior to the time of disclosure, be provided with a copy of the protective order, and execute a non-disclosure agreement. (*See* attached Non-Disclosure Agreement.) Such persons must consent to be subject to the jurisdiction of the United States District Court for the Northern District of California with respect to any proceeding relating to the enforcement of this protective order. They must additionally agree to maintain Confidential Materials, including copies, notes, or other transcriptions made from the materials, in a secure manner to prevent unauthorized access. Finally, they must agree to return the Confidential Material, including copies, notes, or other transcriptions made from the materials, to counsel for Plaintiff or Defendants within thirty (30) days after the conclusion of this action. Executed non-disclosure agreements shall be retained by counsel for each party, and made available for inspection by opposing counsel upon order of the Court.

If counsel for Plaintiff wishes to disclose Confidential Material to any person not

Stip. Protective Order

*Lira v. Director of Corrections, et al.*
Case No. C-00-0905 SI

4

1 enumerated above in Paragraph Four (4), subsections (a)-(g), counsel for Plaintiff must file a
2 motion under the Local Rules of this Court, which motion shall include an identification of the
3 person to whom the disclosure would be made and shall attach a copy of the Non-Disclosure
4 Agreement signed by said person. The disclosure of Confidential Material to any person not
5 enumerated in Paragraph Four (4), subsections (a)-(g), shall be withheld pending the ruling of the
6 Court on any such motion. In the pretrial statement, each party shall submit a statement
7 concerning the use of confidential material at trial, and proposed procedures appropriate for
8 limiting dissemination of such material.

9     5. Any personal information of Defendants, including but not limited to social
10 security numbers, home telephone numbers, personal cellular phone numbers, and home
11 addresses, but not including names, job titles, and workplace addresses or workplace telephone
12 numbers, shall be redacted from all discovery regardless of its confidential status.

13     6. No person who has been afforded access to Confidential Material under this
14 stipulation shall disclose or discuss the Confidential Material except as is necessary to the
15 prosecution, defense, or settlement of this litigation, and then only in accordance with Paragraph
16 Four (4) of this order.

17     7. If Plaintiff's counsel seeks to depose, interview, or otherwise contact any
18 confidential informant or other inmate or parolee whose name appears on any documents
19 stamped "Confidential Pursuant to Protective Order," Plaintiff's counsel must secure the written
20 agreement of Defendants' counsel or further order from the court.

21     8. Counsel for Plaintiff, his legal assistants, experts, and consultants shall not make
22 copies of the Confidential Material obtained by them, except as is necessary for purposes of this
23 litigation. Counsel for Plaintiff will maintain control over all Confidential Material and copies
24 obtained by him.

25     9. Unless counsel otherwise agree in writing, when Confidential Material, including
26 any portion of a deposition transcript designated as confidential in accordance with the procedure
27 set forth in Paragraph Four (4), is included in any papers to be filed in Court, the party seeking to
28 file such papers shall file a Motion to File Under Seal in accordance with and to the extent

Stip. Protective Order

*Lira v. Director of Corrections, et al.*
Case No. C-00-0905 SI

allowable by the Northern District of California Civil Local Rule 79-5, and lodge such papers with the Clerk as required under Northern District of California Civil Local Rule 79-5.

10. All Confidential Material obtained by counsel for Plaintiff shall be used solely in connection with this litigation or a related appellate proceeding, and not for any other purpose.

11. No later than thirty (30) days after the conclusion of the trial and any appeal, or upon other termination of this litigation, all Confidential Material obtained by counsel for Plaintiff, and all copies of such materials, shall be destroyed or returned to counsel for Defendants.

12. The limitations on access to Confidential Material contained in the foregoing provisions of this order do not apply to Defendants, their counsel, employees, or representatives. Nothing in this protective order is intended to prevent officials or employees of the State of California or other authorized governmental officials from having ordinary and usual access to Confidential Material to which they would have access in the normal course of their official duties. Neither the filing with the Court of motions, exhibits, or attachments containing personal or otherwise confidential information about any individual Defendant nor the service on Defendant's counsel of such motions, exhibits, or attachments, shall be deemed to constitute disclosing Confidential Material to any individual Defendant in violation of the terms of this Protective Order.

13. This agreement is not intended to be a waiver of any privilege, right, or grounds for objection in discovery proceedings, or to preclude introducing the document or item into evidence at the time of arbitration, mediation, or trial.

14. The provisions of this protective order are without prejudice to the right of any party: (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents; or (e) to apply to the Court for a modification of this order, or for any order permitting disclosure of Confidential Material beyond the terms of this order.

Stip. Protective Order

*Lira v. Director of Corrections, et al.*
Case No. C-00-0905 SI

15. This protective order shall govern all aspects of this case and all appellate proceedings (except as set forth in Paragraph Twelve (12)), except that the Court will address requests for the use of confidential materials at trial, and institute appropriate procedures to govern the use of confidential materials at trial.

16. The provisions of this order shall remain in force and effect until further order of this Court.

17. Should Plaintiff's counsel, or any individual mentioned in Paragraph Four (4) of this Order, fail to comply with any provisions of this protective order, the Court may, in its discretion, impose sanctions on the appropriate party including, but not limited to, those applicable as listed in Federal Rule of Civil Procedure 37(b)(2).

SO STIPULATED:

DATED: May 17, 2007

_____
MARK A. WHITE, Esq.
Attorney for Plaintiff Ernesto Lira

DATED: MAY 17, 2007

_____
SCOTT J. FEUDALE
Deputy Attorney General
Attorney for Defendants Richard Kirkland, Teresa A. Schwartz, James R. Cox, Richard L. Pederson, Barry J. O'Neill, Daniel R. Smith, Victor Almager, Karen Mann, Louis L. Olivas, Steven P. Dwight, Patrick S. Nowling, Monte K. Day, John E. Maykel, Steven R. Moore, Kirsten J. Slatten, Weldon J. Olmstead, Edward S. Alameida, Jr., Donald R. Busser, Steve Herrera, Brian Fielder, Jose Chavez, Darlene Pizzella, John D. Stokes, Allen K. Scribner, Cara M. Patten, Darin W. Bradbury, Cheryl Bolles, Brian Heaps, Jeffrey M. Briddle, Matthew J. Nimrod, Donald D. Bruce, Kenneth R. Cruse and Mark Piland

APPROVED AND SO ORDERED:

DATED: _____

_____
HON. SUSAN ILLSTON
United States District Court Judge

Stip. Protective Order

*Lira v. Director of Corrections, et al.*
Case No. C-00-0905 SI

7

# NON-DISCLOSURE AGREEMENT

*Lira v. Dir. of Corr., et al.*, USDC-ND Case No. C-00-0905 SI

I, _____, hereby certify my understanding that
        (print name)

Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *Lira v. Dir. of Corr., et al.*, case number C-00-0905 SI. I have been given a copy of the Protective Order and have read it. I agree to be bound by the Protective Order, and will not reveal the Confidential Material to anyone, except as allowed by the Order. I will maintain all such Confidential Material that is provided to me, including copies, notes, or other transcriptions made from the materials, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Material, including copies, notes, or other transcriptions made from the materials, to counsel for Plaintiff. I hereby consent to the jurisdiction of the United States District Court of the Northern District of California for the purpose of enforcing the Protective Order.

DATED: _____        _____

                                Signature

Stip. Protective Order                          *Lira v. Director of Corrections, et al.*
                                                Case No. C-00-0905 SI

PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is Chapman, Popik & White, 650 California Street, 19th Floor, San Francisco, California, 94108.

On May 18, 2007, I served the following document:

STIPULATED PROTECTIVE ORDER

on the parties involved addressed as follows:

Counsel for defendants
Jonathan Wolff/Scott Mather
Scott J. Feudale
California Attorney General's Office
Correctional Law Section
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
415-703-5843 (fax)

\_\_\_\_\_ **BY PERSONAL DELIVERY**: The within document(s) were served by hand in an envelope addressed to the addressee(s) above on this date.

__X__ **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid, in the United States mail, at San Francisco, California.

__X__ **BY FACSIMILE:** By use of facsimile number 415/352-3030, I served a copy of the within document(s) on the above interest parties at the facsimile numbers listed above. The transmission was reported as complete and without error.

\_\_\_\_\_ **BY FEDERAL EXPRESS OVERNIGHT DELIVERY**: I caused each envelope, affixed with a prepaid airbill, to be deposited in a box regularly maintained by Federal Express.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on May 18, 2007.

*Sandra Richey*
Sandra Richey

---

Proof of Service