IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO G. LIRA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DIRECTOR OF CORRECTIONS OF THE STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C 00-905 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS** |

On June 29, 2007 the Court heard arguments on defendants' motion to dismiss. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the motion.

**DISCUSSION**

Plaintiff added defendants Smith and Pederson for the first time in his amended complaint on June 28, 2006 based on events in 2001 and 2002. Defendants move to dismiss plaintiff's claims as untimely. Plaintiff argues that both the new claims and new parties "relate back" to the original complaint, but the cases cited by plaintiff do not involve relation back of new parties. In fact, cases have held that where there are new parties in a supplemental complaint there is no relation back. *ITT Gilfillan, Inc. v. City of Los Angeles*, 136 Cal. App. 3d 581, 587 (1982) (citing *Spaulding v. Howard*, 121 Cal. 194 (1898) and *Elling Corp. v. Superior Court*, 48 Cal. App. 3d 89 (1978)). Plaintiff also argues that his claims against Smith and Pederson are timely under the doctrine of equitable tolling. The Court finds equitable tolling inapplicable because plaintiff failed to provide timely notice to Smith and Pederson and never pursued a legal remedy against them. *See Daviton v. Columbia/HCA Healthcare*

*Corp.*, 241 F.3d 1131, 1133 (9th Cir. 2001) (en banc) (equitable tolling requires timely notice, lack of prejudice to the defendant, and reasonable and good faith conduct); *see also Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983) (timely notice requires the same defendants in the first action be the same as in the second action). Therefore, the Court concludes that plaintiff's claims against Smith and Pederson are not timely.

Plaintiff filed claims against defendants Herrera, Olmstead, Alameida, Busser, Schmidt, Mann, Pizzella, Olsen, Bolles, and Heaps on March 14, 2000 based on events in 1996. Defendants move to dismiss the claims as untimely.[1] The Court finds that plaintiff's injury began to accrue on July 25, 1996, when the Institutional Classification Committee (ICC) informed plaintiff that it intended to transfer him to Pelican Bay for segregated confinement. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (claim accrues when plaintiff knows or has reason to know of the injury). The Court finds that plaintiff is entitled to six months of tolling while he exhausted mandatory administrative remedies, and that this period runs consecutively with the two-year statutory tolling period. *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). Finally, this Court finds that plaintiff is entitled to another six months of equitable tolling. Plaintiff provided timely notice by filing administrative appeals in 1998 and 1999, did not prejudice the defendants by appealing the same due process claims, and acted reasonably and in good faith while he was imprisoned and lacked legal counsel.[2] In total, the Court finds that plaintiff is entitled to three years of tolling, and that his claims against Herrera, Olmstead, Alameida, Busser, Schmidt, Mann, Pizzella, Olsen, Bolles, and Heaps are timely.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS defendants' motion to as to defendants Smith and Pederson, and DENIES the motion as to defendants Herrera, Olmstead, Alameida, Busser,

---

[1] The parties agree that the appropriate statute of limitations is one year from the date the injury accrued, *see* Cal. Code Civ. Proc. § 340(3), and that plaintiff is entitled to two years of statutory tolling for disability of imprisonment. *See* Cal. Civ. Proc. Code § 352.1(a).

[2] Plaintiff filed a second administrative appeal on April 4, 1998, which was denied on September 21, 1998. Plaintiff filed a third administrative appeal on November 3, 1999, which was denied on November 12, 1999. In total, the duration of these appeals took about six months.

2

Schmidt, Mann, Pizzella, Bolles, Olsen, and Heaps.  (Docket No. 125).

**IT IS SO ORDERED.**

Dated: July 3, 2007

SUSAN ILLSTON
United States District Judge