1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  SCOTT J. FEUDALE, State Bar No. 242671
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5871
    Fax: (415) 703-5843
8   Email: Scott.Feudale@doj.ca.gov

9  Attorneys for Defendants CLS Only, Richard
   Kirkland, Teresa A. Schwartz, James R. Cox, Barry J.
10 O'Neill, Victor Almager, Karen Mann, Louis L.
   Olivas, Steven P. Dwight, Patrick S. Nowling, Monte
11 K. Day, John E. Maykel, Steven R. Moore, Kirsten J.
   Slatten, James E. Tilton, J. Olson, Weldon J.
12 Olmstead, Edward S. Alameida, Jr., Donald R. Busser,
   Steve Herrera, Brian Fielder, Jose Chavez, Darlene
13 Pizzella, John D. Stokes, Allen K. Scribner, Cara M.
   Patten, Darin W. Bradbury, Cheryl Bolles, Brian
14 Heaps, Jeffrey M. Briddle, Matthew J. Nimrod,
   Donald D. Bruce, Kenneth R. Cruse, Mark Piland and
15 Don Schmidt

16 CHAPMAN, POPIK & WHITE, LLP
   William B. Chapman, State Bar No. 88079
17 Mark A. White, State Bar No. 88332
   650 California Street, Suite 1900
18 San Francisco, CA 94108
   Telephone: (415) 352-3000
19 Facsimile: (415) 352-3030
   chapman@chapop.com
20 mwhite@chapop.com

21 Attorneys for Plaintiff Ernesto Lira

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Joint Case Management Statement and Proposed Order                    Lira v. Director of Corrections, et al.
                                                                                  C-00-0905 SI (pr)

1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERNESTO LIRA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR OF CORRECTIONS, et al.,<br><br>　　　　　　　　　　Defendants. | CASE No. C-00-0905 SI (pr)<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date:　September 26, 2007<br>Time:　9:30 p.m.<br>Ctrm.　10 |

　　　　The parties submit this Joint Case Management Statement and Proposed Order and request that the court adopt it as its Case Management Order in this case.

### DESCRIPTION OF THE CASE

　　**1.　Brief Description of the Events Underlying the Action**

　　　　**A.　Plaintiff's Description**

　　　　This is an action brought under 42 U.S.C. § 1983 for compensatory and punitive damages, and declaratory and injunctive relief. Plaintiff Ernesto Lira is an inmate of the California Department of Corrections and Rehabilitation (CDCR), who sues defendant Director, prison officials and employees of CDCR for deprivation of his constitutionally protected interests during his confinement at the Deuel Vocational Institution and Pelican Bay State Prison. Lira alleges that defendants imposed atypical and significant hardship on him by confining him to administrative segregation (Ad Seg) at DVI and in the Pelican Bay Security Housing Unit for more than eight years, based on his purported "validation" as a prison gang "associate" under an administrative process that failed to accord him adequate due process rights and protections and consigned him to indefinite Ad Seg confinement status unsupported by any reliable evidentiary basis.

　　　　Lira alleges that he was initially confined to Ad Seg for ten months without any access to or adequate notification of the evidence purportedly relied on to classify him as a prison gang

"associate." He was never granted a hearing or any meaningful opportunity to question the basis for this confinement. Periodic reviews were conducted over the years by defendant prison officials, but plaintiff alleges that these were meaningless exercises in which defendants did not undertake the required re-examination of Lira's gang-associate classification.

In Ad Seg, Lira was locked in a windowless cell for 22 and 1/2 hours each day, every day of the year, allowed only minimal yard time, and denied access to educational programs, work and accrual of work credits, contact visits, and telephone access. As a result, Lira alleges, he suffered severe anxiety and was diagnosed and treated for post-traumatic stress disorder by prison medical staff, a condition from which he continues to suffer and receive treatment since his parole.

### B. Defendants' Description

This is an action brought under 42 U.S.C. § 1983 for compensatory and punitive damages, and declaratory and injunctive relief. Plaintiff Ernesto Lira is an inmate properly incarcerated within the California Department of Corrections and Rehabilitation (CDCR), who alleges deprivation of his constitutionally protected liberty interests during his confinement at the Deuel Vocational Institution and Pelican Bay State Prison. Specifically, Lira alleges that Defendants violated his Fourteenth Amendment Due Process right by confining him to administrative segregation (Ad Seg) at DVI and in the Pelican Bay Security Housing Unit for more than eight years, based on his validation as a prison gang associate. Defendants allege that Lira was properly validated as a Northern Structure prison gang associate based on three independent sources of evidence which were reviewed numerous times by various CDCR officials for their accuracy and reliability. Defendants further allege that Plaintiff was accorded his rights to procedural Due Process in that he was noticed of the charges against him and given an opportunity to be heard at his periodic classification reviews during his confinement at both DVI and Pelican Bay. Defendants also allege that Plaintiff's Ad Seg and SHU confinement were appropriately supported under the "some evidence" standard.

In his Amended Complaint, Plaintiff also alleges he suffered severe anxiety and was diagnosed and treated for post-traumatic stress disorder by prison medical staff, a condition from which he continues to suffer and receive treatment since his parole. Defendants deny any and all

Joint Case Management Statement and Proposed Order   Lira v. Director of Corrections, et al.
C-00-0905 SI (pr)

3

allegations with respect to Lira's alleged injuries.

2.   **Principal Factual Issues in Dispute**

(a)   Whether or not Defendants' validation of Lira as a prison gang associate was supported by an adequate evidentiary basis.

(b)   Whether or not Defendants properly accorded Lira his due process rights to hearing and periodic review of his Ad Seg classification status.

(c)   Whether or not Lira suffered physical and mental injuries, including diagnosed post-traumatic stress disorder, and whether these injuries were caused by his years of Ad Seg confinement.

(d)   If Lira's alleged injuries were caused by his years of Ad Seg confinement, the amount of compensatory damages that should be awarded Lira for this harm.

(e)   The parties disagree about whether there should be a factual or evidentiary issue presented at trial about whether or not Lira is, or was, an "associate" of the Northern Structure prison gang.

3.   **Principal Legal Issues in Dispute**

(a)   Whether CDCR's administrative regulations and policies concerning validation, classification and indefinite confinement indefinite confinement satisfy the Due Process Clause of the Fourteenth Amendment.

(b)   Whether Plaintiff's complaint states a cognizable claim for relief based on defendants' alleged disregard of CDCR's own administrative regulations and policies concerning validation, classification and indefinite confinement.

(c)   Whether plaintiff's emotional distress and mental anguish claims are barred by the Prison Litigation Reform Act.

**Defendants' Statement with Respect to Legal Issues in Dispute**

Defendants are of the understanding that Plaintiff's First Amended Complaint alleges that Defendants deprived Plaintiff of his liberty interest without affording him the procedure required by the Due Process Clause of the Fourteenth Amendment and without the reliable evidentiary

basis required by the Due Process Clause of the Fourteenth Amendment. (Pl.'s 1st Am. Compl. 20.) Nowhere in Plaintiff's First Amended Complaint does Plaintiff challenge CDCR's administrative regulations or policies with respect to the gang validation process. Furthermore, absent from Plaintiff's First Amended Complaint is the allegation that Defendants disregarded CDCR's administrative regulations with respect to the gang validation process, inmate classification, or segregated housing confinement.

To the extent that Plaintiff wishes to add these additional claims to his complaint, he must do so by amending his Complaint. It should be pointed out, however, that because these claims were not raised in Plaintiff's original or First Amended Complaint, it is likely that he has failed to exhaust his administrative remedies with respect to these new claims.

**4. Defendants' Anticipated Defenses**

(a) Defendants are immune from liability under the doctrine of qualified immunity.

**5. Other Factual Issues**

No issues remain as to service, personal or subject matter jurisdiction, or venue.

**6. Service of Process**

All Defendants in this lawsuit have been properly served.

**7. Joinder of Additional Parties**

Except as set forth above, Lira does not intend to join any additional parties as defendants at the present time.

**8. Assignment of Case to United States Magistrate Judge**

The parties do not consent to assignment of this case to a Magistrate Judge for trial.

**ALTERNATIVE DISPUTE RESOLUTION**

**9. Selection of ADR Process**

Plaintiff agrees to submit this case to Early Neutral Evaluation; Defendants do not. Both parties have agreed to a further settlement conference before Judge Laporte on December 5, 2007.

///

///

Joint Case Management Statement and Proposed Order    Lira v. Director of Corrections, et al.
C-00-0905 SI (pr)

5

# DISCLOSURES

## 10. Certification of Disclosures

The parties understood the court's minute order of September 6, 2006 to have obviated the process for voluntary Rule 26 disclosures. Should the court so direct, the parties would be prepared to exchange voluntary disclosures within 30 days following the case management conference.

# DISCOVERY

## 11. Current Discovery Plan And Proposed Modification.

On January 19, 2007, during a Case Management Conference, the Court ordered that all discovery, including expert discovery be completed by August 31, 2007. The Court later extended this deadline to September 28, 2007. On January 19, 2007, Plaintiff served Defendants Alamedia and Tilton each with one set of Requests for Admissions, Interrogatories, and Requests for Production, to which Defendants timely responded under stipulated extensions. On May 17, 2007, both parties agreed to a stipulated protective order governing the handling of confidential documents in this case. This Order was signed by the Court on May 21, 2007. Under the terms of the order, all confidential documents located in Plaintiff's Central File were produced to Plaintiff's attorneys on May 22, 2007. On July 19th and July 26th, Plaintiff served Defendant Tilton with a second and third sets of Requests for Production, and Defendants timely responded to both

On August 6th and August 8th, Plaintiff served Defendants Schwartz, O'Neill, Busser, Herrera, Chavez, Pizzella, Stokes, Scribner, Patten, Bradbury, Bolles, Almager, Mann, Olivas, Dwight, Nowling, Day, Maykel, Moore, Slatten, Heaps, Briddle, Nimrod, Bruce, and Cruse with sets of requests for admissions and interrogatories. Due to the volume of discovery, Plaintiff agreed to extend the deadline for responding to these requests up to and including September 28, 2007. Defendants have been diligently preparing responses and plan to serve these responses to Plaintiff on Friday.

On August 15th and August 16th, Plaintiff served Defendant Tilton with a Fourth Set of Requests for Production and a Second Set of Interrogatories, to which Defendants timely

responded. On August 29, 2007, Plaintiff served Defendant Tilton with a Third, Fourth, and Fifth set of Interrogatories as well as a second set of Requests for Admissions. Defendants have been deligently preparing responses to these sets of discovery and plan on producing those responses on Friday, September 28, 2007.

In addition to written discovery, Plaintiff has taken the depositions of the following individuals: Terry Rosenkrans, Robert Gordon, Brian Fielder, Milo Smith, Joseph McGrath, Judy Olsen, and Mark Piland. Plaintiff will be taking the deposition of Dirk Covello on September 26, 2007 and Edward Alameida on September 27, 2007. In addition to these depositions, Plaintiff has noticed the deposition of a person most knowledgeable regarding Plaintiff's alleged mental disorders, as well as the depositions of Diana Crandall, Paul Dillard, and James Cox. Both parties are working on scheduling the depositions of these individuals within the next couple of weeks.

On September 18, 2007, Plaintiff's attorney, Mark White, contacted Deputy Attorney General Scott Feudale, requesting that the disclosure date for Plaintiff's retained expert witness, Dr. Good, be extended by twenty-five days, or until October 25, 2007. In making this request, Mr. White explained that Dr. Good will need the additional time to examine Plaintiff and prepare his Rule 26 report. In response to this letter, Mr. Feudale contacted Mr. White on September 19, 2007 and explained that because Defendants will need to designate a rebuttal expert to testify regarding Plaintiff's alleged mental disorders, a similar extension of time will be needed for Defendants to designate their expert and allow him or her sufficient time to review Plaintiff's file, possibly examine Plaintiff, and to prepare their expert report. During this conversation, Mr. Feudale also explained to Mr. White that because either expert's opinion may include critical information about causation, Defendants cannot agree to this request without Plaintiff's agreement to extend the dispostive motion deadline and all remaining deadlines following the dispostive motion deadline. During this conversation, Mr. White stated that he would agree to Defendants' request, but only if Defendants agreed to also extend the non-expert deposition discovery deadline for a similar amount of time. In making this request, Mr. White explained that Plaintiff would like to take more non-expert depositions depending on the content of the

Joint Case Management Statement and Proposed Order    Lira v. Director of Corrections, et al.
C-00-0905 SI (pr)

7

forthcoming responses to the written discovery recently propounded and depending on the outcome of the Court's ruling on Plaintiff's request to depose a confidential informant. During this conversation, Mr. Feudale explained to Mr. White that Defendants would not agree to Plaintiff's request to extend the non-expert deposition discovery deadline because it is Defendant's position that Plaintiff has had more than adequate time to notice the depositions of non-experts, and agreeing to such a request would be unnecessary, unduly burdensome, and costly. Defendants sent Mr. White a letter on September 20, 2007 memorializing this conversation and their position.

On September 21, 2007, both parties met and conferred in a second attempt to resolve this discovery dispute. During this conversation, both parties agreed to extend expert discovery deadlines and all subsequent court ordered deadlines by one month, but reached an impasse on extending non-expert deposition discovery and agreed to bring this dispute before the Court.

Accordingly, Defendants propose the following extensions with respect to the remaining court-ordered deadlines, not including the non-expert discovery cut off date:

a) October 29, 2007-Last Day to Designate Experts
b) November 16, 2007-Expert Discovery Cutoff
c) November 26, 2007-Defendants' Dispostive Motion due
b) December 10, 2007-Plaintiff's Opposition to Defendants' Dispostive Motion due
c) December 17, 2007-Defendants' Reply to Plaintiff's Opposition due
d) December 28, 2007-Hearing on Dispostive Motion
e) January 8, 2008-Pretrial Filings Due
f) January 15, 2008-Pretrial Conference
g) February 4, 2008-Trial

Plaintiff is amenable to these extensions of the remaining Court-ordered deadlines provided that the current September 28, 2007 deadline for non-expert deposition discovery also be extended to October 26, 2007. Plaintiff's counsel submit that the additional time to complete non-expert depositions is made necessary by the scheduling complications that have developed for certain planned depositions, due in part to difficulties in locating witnesses and related

discovery disputes regarding agreement or Court authorization that the depositions may go forward. Plaintiff's counsel also believe that this requested extension for non-expert depositions should be feasible in conjunction with the extension of remaining Court-ordered deadlines proposed by Defendants and should cause Defendants no prejudice.

## TRIAL SCHEDULE

### 12. Requested Trial Date

On August 6, 2007, the Court signed the parties' Joint Stipulation To Extend The Remaining Court Ordered Deadlines. Under that order, the trial date was extended to January 7, 2008. Under the proposed extension, the Trial date would be extended to February 4, 2008.

### 13. Expected Trial Duration

Trial by jury has been demanded by Lira and defendants and is expected to last eight court days. The parties have agreed to bifurcate the issue of the amount of any punitive damages awaradable.

Dated: September 25, 2007                CHAPMAN, POPIK & WHITE, LLP

                                         By: /s/
                                             Mark A. White
                                             Attorneys for Plaintiff Ernesto Lira

Dated: September 25, 2007                EDMUND G. BROWN, JR.
                                         ATTORNEY GENERAL OF THE STATE OF
                                         CALIFORNIA

                                         By: /s/
                                             Scott J. Feudale
                                             Deputy Attorney General

                                         Attorneys for Defendants Edward Alameida, Jr.,
                                         Victor Almager, K. Cheryl Bolles, Darin W.
                                         Bradbury, Jeffrey M. Briddle, Donald D. Bruce,
                                         Donald R. Busser, Jose Chavez, James R. Cox,
                                         Kenneth R. Cruse, Monte K. Day, Steven P.
                                         Dwight, Brian Fielder, Brian Heaps, Steve Herrera,

| | |
|---|---|
| 1 | Richard Kirkland, Karen Mann, John E. Maykel, |
| 2 | Steve R. Moore, Matthew J. Nimrod, Patrick S. Nowling, Louis L. Olivas, Weldon J. Olmsted, |
| 3 | Barry J. O'Neill, Cara M. Patten, Richard L. Pederson, Mark Piland, Darlene Pizzella, Teresa |
| 4 | Schwartz, Allen K. Scribner, Kirsten J. Slatten, Daniel R. Smith, and John D. Stokes |

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for this case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated: _____

The Honorable Susan Illston
United States District Judge

Joint Case Management Statement and Proposed Order

Lira v. Director of Corrections, et al.
C-00-0905 SI (pr)

10