1   CHAPMAN, POPIK & WHITE, LLP
    William B. Chapman, State Bar No. 88079
2   Mark A. White, State Bar No. 88332
    650 California Street, Suite 1900
3   San Francisco, CA 94108
    Telephone: (415) 352-3000
4   Facsimile: (415) 352-3030

5   Attorneys for Plaintiff
    Ernesto Lira
6

7              IN THE UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9                 SAN FRANCISCO DIVISION

10

11  ERNESTO LIRA,                    )   No. C-00-0905 SI (pr)
                                     )
12        Plaintiff,                 )   APPLICATION FOR ORDER
                                     )   AUTHORIZING FILING OF
13  v.                               )   DISCOVERY LETTER BRIEF,
                                     )   INCLUDING ATTACHMENTS, UNDER
14  DIRECTOR OF CORRECTIONS, et al.  )   SEAL; SUPPORTING DECLARATION
                                     )   OF COUNSEL; [PROPOSED] ORDER
15        Defendants.                )
                                     )   JURY TRIAL DEMANDED
16  _____

17                                       Action Filed: March 14, 2000
                                         Trial Date:   March 10. 2008

18                          **APPLICATION**

19        Plaintiff Ernesto Lira hereby applies for an order, pursuant to Civil Local Rule 79-5, directing

20  that plaintiff's letter brief dated October 31, 2007, concerning a dispute that has arisen in this action

21  regarding confidential documents subject to an outstanding protective order, shall be filed under seal

22  //

23  //

24  //

25  //

26

1  in its entirety, including attachments. This application is supported by good cause, as more fully

2  described in the declaration of counsel that follows.

3  Dated: October 31, 2007                    CHAPMAN, POPIK & WHITE, LLP

4

5                                             By: _____

6                                                 Mark A. White
                                                 Attorneys for Plaintiff Ernesto Lira

7

8                          **DECLARATION OF COUNSEL**

9          I, Mark A. White, state:

10         1.      I am an attorney admitted to practice before this Court and a partner of the firm of

11  Chapman, Popik & White, LLP, counsel of record for plaintiff Ernesto Lira in this action. The

12  following statements are made of my own personal knowledge, and if called upon, I could testify

13  competently to them.

14         2.      This is a prison inmate's civil rights action brought under 28 U.S.C. § 1983 against

15  the California Department of Corrections and Rehabilitation (CDCR) and a number of its personnel.

16  The action challenges Mr. Lira's "validation" as a prison gang "associate" and his resulting

17  confinement in Administrative Segregation since 1996, initially at the Pelican Bay SHU and more

18  recently at Duell Vocational Institute and Corcoran State Prison SHU; Mr. Lira seeks compensatory

19  damages and injunctive relief for the harsh and unjust conditions of incarceration he has suffered as a

20  result.

21         3.      On May 18, 2007, this Court signed a stipulated protective order, copy attached under

22  Tab A, specifying attorneys-eyes-only confidentiality strictures for documents properly designated

23  "Confidential Material" as produced by CDCR in discovery.

24         4.      On October 25, 2007, CDCR produced certain documents to our office designated as

25  confidential under the protective order, relating to an alleged cellmate assault by plaintiff on which

26  CDCR relied as evidentiary support for Mr. Lira's gang validation.

1    5.    A discovery dispute has now arisen between our office and defense counsel as to

2  whether these documents were properly designated as confidential under the protective order, or

3  whether instead the confidentiality designation should be withdrawn.

4    6.    In accordance with this Court's standing order, our office has prepared a letter brief

5  regarding this dispute, which is presently lodged with the Court for filing under seal. The letter brief

6  includes as attachments the documents at issue, as well as a number of related documents that also

7  have been produced by CDCR on a confidential basis under the protective order. In addition, the

8  text of the letter brief discusses in detail information from these documents.

9    7.    Paragraph nine of the protective order mandates that any motion or other paper filed

10  with the Court disclosing confidential documents or information be accompanied by a formal request

11  for sealing pursuant to Local Rule 79-5. It is respectfully requested that the Court find good cause

12  for the sealing order sought by this application.

13    I declare under penalty of perjury that the foregoing is true and correct.

14    Executed this 31st day of October, 2007 at San Francisco, California.

15

16
                                                         _____
17                                                       Mark A. White
                                                         Attorneys for Plaintiff Ernesto Lira
18

19                                         **ORDER**

20    In accordance with Civil Local Rule 79-5 and paragraph nine of the protective order entered

21  May 18, 2007, and good cause having been shown,

22    IT IS ORDERED that plaintiff's letter brief dated October 31, 2007, including all

23  attachments, be filed under seal.

24  Dated:                                             _____
                                                         The Honorable Susan Illston
25                                                       United States District Judge

26

---

No. C-00-0905 SI (pr) Application for Order Authorizing Filing of Discovery Letter Brief,
Including Attachments, Under Seal; Supporting Declaration of Counsel; [Proposed] Order          3

# TAB A

RECEIVED

07 MAY 18 AM 10: 28

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Senior Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  SCOTT J. FEUDALE, State Bar No. 242671
   Deputy Attorney General
6     455 Golden Gate Avenue, Suite 11000
      San Francisco, CA 94102-7004
7     Telephone: (415) 703-5871
      Fax: (415) 703-5843
8     Email: Scott.Feudale@doj.ca.gov

9  Attorneys for Defendants Richard Kirkland, Teresa A.
   Schwartz, James R. Cox, Richard L. Pederson, Barry
10 J. O'Neill, Daniel R. Smith, Victor Almager, Karen
   Mann, Louis L. Olivas, Steven P. Dwight, Patrick S.
11 Nowling, Monte K. Day, John E. Maykel, Steven R.
   Moore, Kirsten J. Slatten, Weldon J. Olmstead,
12 Edward S. Alameida, Jr., Donald R. Busser, Steve
   Herrera, Brian Fielder, Jose Chavez, Darlene Pizzella,
13 John D. Stokes, Allen K. Scribner, Cara M. Patten,
   Darin W. Bradbury, Cheryl Bolles, Brian Heaps,
14 Jeffrey M. Briddle, Matthew J. Nimrod, Donald D.
   Bruce, Kenneth R. Cruse and Mark Piland

15

16                    IN THE UNITED STATES DISTRICT COURT

17                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

18                            SAN FRANCISCO DIVISION

19

20  ERNESTO LIRA,                          | Case No. C-00-0905 SI

21                           Plaintiff,    | **STIPULATED PROTECTIVE
                                           | ORDER**
22            v.

23  DIRECTOR OF CORRECTIONS, et al.,

24                           Defendants.

25

26       Subject to the approval of the Court, the undersigned parties stipulate that the provisions of

27  this protective order shall apply to the confidential materials, described below, that are obtained

28  by Plaintiff's counsel from the California Department of Corrections and Rehabilitation (CDCR),

1   Defendants, or their counsel. Defendants assert that the materials covered by the protective order

2   have been deemed confidential by the CDCR for safety and security reasons, and have been

3   restricted from general distribution, including, but not limited to inmates, parolees, and the

4   public.

5       1.   This order covers materials which are specifically designated as confidential in the

6   following categories:

7       (a)   Documents contained in the central prison file, medical file, or parole files of an

8   inmate or former inmate, with the exception of non-confidential documents contained in

9   Plaintiff's central prison files, medical files, or parole files;

10       (b)   Any personal information regarding an inmate, former inmate, or staff member

11   employed or formerly employed by the CDCR which may be contained in any of the materials

12   produced to Plaintiff's counsel, with the exception of non-confidential personal information

13   regarding Plaintiff. Personal information consists of addresses, telephone numbers, social

14   security numbers, birth dates, names of family members, disciplinary information, gang

15   information, prison classification information and history, and medical or psychiatric records;

16       (c)   Any and all confidential gang affiliation or membership information, including,

17   but not limited to, gang validation documents and debriefing documents;

18       (d)   Information regarding the identity of a confidential informant;

19       (e)   All documents or other tangible items relied upon by prison officials to validate or

20   re-validate Plaintiff as an associate of the Northern Structure prison gang, which have been

21   marked confidential and have not been previously produced to Plaintiff;

22       (f)   Any and all writings or other communications documenting any efforts to

23   investigate the reliability of information used to validate or re-validate Plaintiff as an associate of

24   the Northern Structure prison gang;

25       (g)   Any statements made by Plaintiff or any other person contained in the debriefing

26   documents used to validate, or re-validate, or investigate Plaintiff as an associate of the Northern

27   Structure Prison gang;

28       (h)   Any writings or other communications between Officer Romero of the Merced

Stip. Protective Order                             *Lira v. Director of Corrections, et al.*

1   County Sheriff's Department and CDCR officials, which in anyway reveal the identity of other

2   inmates who may have provided information on Plaintiff's association with the Northern

3   Structure prison gang;

4           (i)    All testimony regarding items (a) through (h);

5           (j)    All motions, exhibits and attachments thereto and hearings regarding items (a)

6   through (h); and

7           (k)    All court testimony regarding items (a) through (h).

8       2.    All or portions of any writing produced to Plaintiff by the CDCR, Defendants or their

9   counsel, including information falling within one or more of the categories enumerated in

10  Paragraph One (1), as well as any testimony given in this action by the CDCR, Defendants, or

11  their counsel, may be designated confidential material by Defendants' counsel causing such

12  material to be stamped "Confidential Material Pursuant to Protective Order." When a document

13  consists of more than one page, the first page and each page on which confidential information

14  appears will be stamped with this designation. When only a portion of the material contained on

15  a page is deemed confidential, that portion shall be appropriately identified. As set forth below,

16  any failure to stamp appropriate material as confidential shall not operate as a waiver of this

17  claim after the failure is discovered.

18      3.    All documents designated and stamped "Confidential Material Pursuant to Protective

19  Order" and produced by the CDCR, Defendants, or their counsel to Plaintiff's counsel shall be

20  regarded as confidential and subject to this protective order. Such material is referred to as

21  "Confidential Material."

22      4.    The Confidential Material may be disclosed only to the following persons:

23          (a)    The Court, court personnel, ADR personnel, stenographic reporters employed by

24  the Court who are involved in proceedings in this action;

25          (b)    Counsel for Plaintiff;

26          (c)    Paralegal, stenographic, clerical, and secretarial personnel regularly employed by

27  counsel for Plaintiff and designated by counsel for Plaintiff to review or handle such materials;

28          (d)    Experts or consultants (including jury consultants) retained by counsel for

Stip. Protective Order                                              *Lira v. Director of Corrections, et al.*
                                                                    Case No. C-00-0905 SI

1 Plaintiff and Defendants for purposes of this action;

2       (e) Court reporters;

3       (f) Litigation support providers (for example, outside copy services, coding and

4 imaging vendors, graphic art and visual aid providers) whose duties and responsibilities require

5 access to Confidential Material; and

6       (g) Any other person as to whom the Plaintiff and Defendants in writing agree.

7     This stipulation is intended to and does preclude counsel for Plaintiff, individuals

8 mentioned in Paragraph Four (4), subsections (a)-(g), or any other person from disclosing

9 Confidential Material to Plaintiff, members of Plaintiff's family, friends, or associates of

10 Plaintiff, or to any other inmate or parolee. Confidential Material may be used in depositions

11 only if, at the time of examination concerning such material, no other individuals other than

12 those to whom Confidential Material may be disclosed are present. Confidential Material may be

13 used during the depositions of Defendants, current or former employees of the CDCR (including

14 medical staff and parole agents), non-CDCR law enforcement employees, and other persons

15 employed at CDCR facilities (with the exception of inmates and parolees).

16     Except for the Court and counsel for Plaintiff, each such person listed above to whom

17 disclosure of Confidential Material is made shall, prior to the time of disclosure, be provided

18 with a copy of the protective order, and execute a non-disclosure agreement. (*See* attached Non-

19 Disclosure Agreement.) Such persons must consent to be subject to the jurisdiction of the United

20 States District Court for the Northern District of California with respect to any proceeding

21 relating to the enforcement of this protective order. They must additionally agree to maintain

22 Confidential Materials, including copies, notes, or other transcriptions made from the materials,

23 in a secure manner to prevent unauthorized access. Finally, they must agree to return the

24 Confidential Material, including copies, notes, or other transcriptions made from the materials, to

25 counsel for Plaintiff or Defendants within thirty (30) days after the conclusion of this action.

26 Executed non-disclosure agreements shall be retained by counsel for each party, and made

27 available for inspection by opposing counsel upon order of the Court.

28     If counsel for Plaintiff wishes to disclose Confidential Material to any person not

1  enumerated above in Paragraph Four (4), subsections (a)-(g), counsel for Plaintiff must file a

2  motion under the Local Rules of this Court, which motion shall include an identification of the

3  person to whom the disclosure would be made and shall attach a copy of the Non-Disclosure

4  Agreement signed by said person. The disclosure of Confidential Material to any person not

5  enumerated in Paragraph Four (4), subsections (a)-(g), shall be withheld pending the ruling of the

6  Court on any such motion. In the pretrial statement, each party shall submit a statement

7  concerning the use of confidential material at trial, and proposed procedures appropriate for

8  limiting dissemination of such material.

9      5.    Any personal information of Defendants, including but not limited to social

10  security numbers, home telephone numbers, personal cellular phone numbers, and home

11  addresses, but not including names, job titles, and workplace addresses or workplace telephone

12  numbers, shall be redacted from all discovery regardless of its confidential status.

13      6.    No person who has been afforded access to Confidential Material under this

14  stipulation shall disclose or discuss the Confidential Material except as is necessary to the

15  prosecution, defense, or settlement of this litigation, and then only in accordance with Paragraph

16  Four (4) of this order.

17      7.    If Plaintiff's counsel seeks to depose, interview, or otherwise contact any

18  confidential informant or other inmate or parolee whose name appears on any documents

19  stamped "Confidential Pursuant to Protective Order," Plaintiff's counsel must secure the written

20  agreement of Defendants' counsel or further order from the court.

21      8.    Counsel for Plaintiff, his legal assistants, experts, and consultants shall not make

22  copies of the Confidential Material obtained by them, except as is necessary for purposes of this

23  litigation. Counsel for Plaintiff will maintain control over all Confidential Material and copies

24  obtained by him.

25      9.    Unless counsel otherwise agree in writing, when Confidential Material, including

26  any portion of a deposition transcript designated as confidential in accordance with the procedure

27  set forth in Paragraph Four (4), is included in any papers to be filed in Court, the party seeking to

28  file such papers shall file a Motion to File Under Seal in accordance with and to the extent

Stip. Protective Order                            *Lira v. Director of Corrections, et al.*
                                                  Case No. C-00-0905 SI

1  allowable by the Northern District of California Civil Local Rule 79-5, and lodge such papers

2  with the Clerk as required under Northern District of California Civil Local Rule 79-5.

3      10.    All Confidential Material obtained by counsel for Plaintiff shall be used solely in

4  connection with this litigation or a related appellate proceeding, and not for any other purpose.

5      11.    No later than thirty (30) days after the conclusion of the trial and any appeal, or

6  upon other termination of this litigation, all Confidential Material obtained by counsel for

7  Plaintiff, and all copies of such materials, shall be destroyed or returned to counsel for

8  Defendants.

9      12.    The limitations on access to Confidential Material contained in the foregoing

10  provisions of this order do not apply to Defendants, their counsel, employees, or representatives.

11  Nothing in this protective order is intended to prevent officials or employees of the State of

12  California or other authorized governmental officials from having ordinary and usual access to

13  Confidential Material to which they would have access in the normal course of their official

14  duties. Neither the filing with the Court of motions, exhibits, or attachments containing personal

15  or otherwise confidential information about any individual Defendant nor the service on

16  Defendant's counsel of such motions, exhibits, or attachments, shall be deemed to constitute

17  disclosing Confidential Material to any individual Defendant in violation of the terms of this

18  Protective Order.

19      13.    This agreement is not intended to be a waiver of any privilege, right, or grounds

20  for objection in discovery proceedings, or to preclude introducing the document or item into

21  evidence at the time of arbitration, mediation, or trial.

22      14.    The provisions of this protective order are without prejudice to the right of any

23  party: (a) to apply to the Court for a further protective order relating to any Confidential Material

24  or relating to discovery in this litigation; (b) to apply to the Court for an order removing the

25  Confidential Material designation from any documents; (c) to object to a discovery request; (d) to

26  apply to the Court for an order compelling production of documents; or (e) to apply to the Court

27  for a modification of this order, or for any order permitting disclosure of Confidential Material

28  beyond the terms of this order.

Stip. Protective Order

*Lira v. Director of Corrections, et al.*
Case No. C-00-0905 SI

6

15.    This protective order shall govern all aspects of this case and all appellate proceedings (except as set forth in Paragraph Twelve (12)), except that the Court will address requests for the use of confidential materials at trial, and institute appropriate procedures to govern the use of confidential materials at trial.

16.    The provisions of this order shall remain in force and effect until further order of this Court.

17.    Should Plaintiff's counsel, or any individual mentioned in Paragraph Four (4) of this Order, fail to comply with any provisions of this protective order, the Court may, in its discretion, impose sanctions on the appropriate party including, but not limited to, those applicable as listed in Federal Rule of Civil Procedure 37(b)(2).

SO STIPULATED:

DATED: _May 17, 2007_

_____
MARK A. WHITE, Esq.
Attorney for Plaintiff Ernesto Lira

DATED: May 17, 2007

_____
SCOTT J. FEUDALE
Deputy Attorney General
Attorney for Defendants Richard Kirkland,
Teresa A. Schwartz, James R. Cox, Richard
L. Pederson, Barry J. O'Neill, Daniel R.
Smith, Victor Almager, Karen Mann, Louis
L. Olivas, Steven P. Dwight, Patrick S.
Nowling, Monte K. Day, John E. Maykel,
Steven R. Moore, Kirsten J. Slatten, Weldon
J. Olmstead, Edward S. Alameida, Jr.,
Donald R. Busser, Steve Herrera, Brian
Fielder, Jose Chavez, Darlene Pizzella, John
D. Stokes, Allen K. Scribner, Cara M.
Patten, Darin W. Bradbury, Cheryl Bolles,
Brian Heaps, Jeffrey M. Briddle, Matthew J.
Nimrod, Donald D. Bruce, Kenneth R.
Cruse and Mark Piland

APPROVED AND SO ORDERED:

DATED: _____

_____
HON. SUSAN ILLSTON
United States District Court Judge

Stip. Protective Order

*Lira v. Director of Corrections, et al.*
Case No. C-00-0905 SI

1                      <u>PROOF OF SERVICE</u>

2        I, the undersigned, declare:

3        I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is

4  Chapman, Popik & White, 650 California Street, 19th Floor, San Francisco, California, 94108.

5

       On October 31, 2007 I served the following document:

6

Application for Order Authorizing Filing of Discovery Letter Brief, Including Attachments,

7  Under Seal; Supporting Declaration of Counsel; [Proposed] Order

8  on the parties involved addressed as follows:

9  <u>Counsel for defendants</u>
   Scott J. Feudale

10  California Attorney General's Office
    Correctional Law Section

11  455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102

12  415-703-5843 (fax)

13  _____       **BY PERSONAL DELIVERY**: The within document(s) were served by hand in an envelope addressed to the addressee(s) above on this date.

14

   X_____      **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope

15                   with postage fully prepaid, in the United States mail, at San Francisco, California.

16

                  **BY FACSIMILE**: By use of facsimile number 415/352-3030, I served a

17  _____       copy of the within document(s) on the above interest parties at the facsimile numbers listed above. The transmission was reported as complete and

18                   without error.

19  _____       **BY FEDERAL EXPRESS OVERNIGHT DELIVERY**: I caused each envelope, affixed with a prepaid airbill, to be deposited in a box regularly

20                   maintained by Federal Express.

21        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on October 31, 2007.

22

23                             _Sandra Richey_

24                             Sandra Richey

25

26