IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERNESTO G. LIRA,                              No. C 00-905 SI

        Plaintiff,                          **ORDER RE: DISCOVERY DISPUTE**

   v.

DIRECTOR OF CORRECTIONS OF THE
STATE OF CALIFORNIA, et al.,

        Defendants.
                                         /

       This order addresses a discovery dispute concerning production of a cellmate chronology and several pages from cellblock log books which reference a fight between plaintiff and another inmate.[1] At a hearing on November 6, 2007, the Court ordered defendants to remove the "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" designation from these documents; the effect of that designation had been to preclude plaintiffs' counsel from disclosing the documents to plaintiff.

       After the November 6, 2007 hearing, additional disputes arose between the parties regarding production of the documents at issue. Defendants seek to produce the documents pursuant to a new protective order that would limit plaintiff's ability to share the information contained in the documents to discussions with his attorneys, and their experts and consultants. Plaintiff objects to this limitation, contending that this restriction is unreasonable. The Court finds that defendants' proposed limitation strikes a fair balance between plaintiff's need for this discovery while also addressing defendants' concerns about the potentially sensitive nature of these documents. The proposed limitation will not hinder plaintiff's ability to conduct discovery or prepare his case.

---

[1] The parties' letter briefs are found at Docket Nos. 179 and 180.

Citing California Civil Code § 1798.24(k), defendants also seek an additional 30 days prior to production of the documents in order to notify the individuals who are mentioned in the documents. Defendants contend that because the documents include "personal information" such as names and log entries indicating when an inmate had a medical appointment, state law requires that defendants notify individuals mentioned in the documents prior to disclosure. Plaintiff disputes the "personal" nature of the information contained in the documents, and notes that the CDCR freely disseminates inmate names and confinement locations through its telephone-accessed Inmate Locator Service. Plaintiff also contends that Section 1798 *et seq.* does not apply to this action since plaintiff's claims solely rise under federal law.

The Court agrees with plaintiff that California Civil Code Section 1798 is inapplicable in this federal question case. *See Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987); *see also Reed v. Williams*, 2007 WL 2140506, *4 (E.D. Cal. July 25, 2007) (rejecting argument that Cal. Civil Code § 1798 applied in discovery of inmate records in § 1983 case). Accordingly, the Court orders defendants to produce the documents at issue pursuant to a new protective order incorporating the disclosure limitations discussed in defendants' letter brief. The parties shall submit a proposed stipulated protective order no later than **December 14, 2007**, and defendants shall produce the documents within 2 days after such order is signed by the Court.

**IT IS SO ORDERED.**

Dated: December 6, 2007

SUSAN ILLSTON
United States District Judge

2