1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERNESTO LIRA,                                    No. C 00-905 SI

        Plaintiff,              **FINAL PRETRIAL SCHEDULING ORDER**

  v.

DIRECTOR OF CORRECTIONS, *et al.*,

        Defendants.
_____/

On December 17, 2008, the Court held a final pretrial conference in the above captioned matter, which is set for trial beginning January 12, 2009. All parties were represented by counsel. The following matters were resolved:

1.    **Waiver of jury trial**:  Jury trial was originally demanded by plaintiff, but plaintiff waived jury and defendants consented to the waiver; hence the matter will be tried to the court.

2.    **Narrative witness statements**:  The parties may, at their option, present the direct testimony of the witnesses they plan to call by written narrative statement. The parties are not required to do so, and in any event may augment their narrative statements with live testimony.

3.    **Trial exhibits**: Both parties have submitted their lists of proposed trial exhibits. No later than the first day of trial, the parties shall submit their trial exhibits, in binders with numbered tabs

separating and identifying each exhibit.  The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

4.    **Findings of fact and conclusions of law**:  The parties have submitted their proposed Findings of Fact and Conclusions of Law.  Prior to the first day of trial, the parties shall meet and confer to present as many agreed-upon findings of fact as possible.  The agreed-upon findings should be clearly designated "joint" findings and, upon such agreement, no further evidence on these points will be required absent further direction from the Court.  The "undisputed facts" set out on pages 4-5 of the Joint Pretrial Statement may be included in the joint findings.

5.    **Timing of trial**:  The parties estimated that the trial should take between five and seven court days.  The Court will assume a seven day trial.  Based on this estimate, each side shall have up to 15 hours total for presentation of evidence, which includes direct and cross-examination of live witnesses and presentation of all exhibits.

6.    **Trial schedule**:  The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m. and 2:00 p.m. and a 45  minute break at noon, all times approximate

7.    **Motions in limine:**  The parties filed nine motions in limine, as follows:

**Plaintiff's No. 1 re presentation of plaintiff Lira's trial testimony**: Counsel for plaintiff Lira are concerned that his mental and physical health issues have reduced his stamina, and request that his testimony be presented in segments.  The Court will allow this, as follows: Plaintiff Lira's direct testimony may, as his option, be broken into segments.  At the end of any such segment, defendants will be given the option of cross-examining him on the material just presented or reserving their cross-examination to the end of his direct testimony.

**Plaintiff's No. 2 re confidential materials and Defendant's No. 4 re confidential testimony**: This action centers on plaintiff's classification by CDCR as a gang member.  Certain

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

materials compiled by CDCR in the course of its gang "validation" process have been produced to plaintiff's counsel on an attorneys'-eyes-only basis, because of a concern that the identity of any persons named in the materials should be protected. Plaintiff's counsel now requests such materials be allowed into evidence without restriction; that such materials be displayed to Mr. Lira without redaction; and that such materials be used without restriction in preparing witnesses for trial. Defendant requests that confidential testimony be presented in a closed courtroom outside the presence of plaintiff and the public. The concerns which have prompted confidential treatment relate to the identity – that is, the names – of CDCR inmates whose information was used to validate plaintiff as a gang member. The Court will therefore order that any witness who testifies in this trial shall, if referring to such an inmate, use a code-name (e.g., "CI-1") for that person; that any validation documents admitted into evidence be redacted to replace the real names with the agreed-upon code-names; and that a list of the real names and the corresponding code-names be prepared and filed in this case under seal. The courtroom will not be sealed nor will the public or Mr. Lira be excluded from it.

In addition, plaintiff's counsel may now show the unredacted attorneys'-eyes-only documents to Mr. Lira during the course of their trial preparation, but Mr. Lira shall be subject to the restrictions of the protective order limiting his use of such information. This provision of this order is hereby STAYED until December 28, 2008, in order to give defense counsel the opportunity to seek emergency relief from it in the Ninth Circuit Court of Appeals. However, the trial will go forward on January 12, 2009 in any event, unless the Court of Appeals orders otherwise.

**Plaintiff's No. 3 re live direct testimony, Plaintiff's No. 4 re testimony of Michael Ruff and Defendant's No. 5 re delayed service of trial declarations**: The Court allows, but does not require, parties to present their direct testimony by written narrative in Court trials. Therefore plaintiff's motion to present live testimony is granted. Defendant may delay service of its narrative statements if it wishes, but in that event must resubmit its witness list with a summary of the anticipated testimony by Thursday, December 18, 2008. Plaintiff's counsel agreed that motion No. 4 is moot provided that defendant produces the witness summary of testimony for Mr. Ruff.

**Defendants's No. 1 re mental health evidence**: Defendant urges that the proferred mental health evidence will be irrelevant, unnecessary and cumulative, and therefore seeks to exclude it. The motion to exclude is denied at this point, without prejudice to renewing it during trial after the scope and tenor of the testimony has been more clearly outlined.

**Defendant's No. 2 re subsequent remedial measures:** In the course of settling a different prisoner lawsuit in this District (*Castillo v. Alameida*, Civil No. C-94-2847-MJJ), CDCR agreed in 2005 to stop using "laundry lists" for gang validation proceedings. Defendant seeks to exclude this evidence from trial under FRE 407, as inadmissible evidence of subsequent remedial measures. The motion as framed is denied, since the actions were not the sort of voluntary actions covered by the rule; see *Gilanian v. City of Boston*, 431 F.Supp.2d 172, 2177 (D. Mass. 2006). Because this is a judge-trial, the Court will receive the evidence, when presented, only to the extent that it illuminates the issues to be decided.

**Defendant's No. 3 to bifurcate liability from remedy:** This motion is denied. Since there are no damages sought, only declaratory and injunctive relief, the Court does not find that bifurcating "liability" from "remedy" will produce any genuine efficiencies at trial.

8. **Miscellaneous matters:** The parties dispute the location of the deposition of Dr. Craig Haney, who lives and works in Santa Cruz. The Court orders that the deposition be taken in Santa Cruz unless counsel agree otherwise.

**IT IS SO ORDERED.**

Dated: 12/17/08

_____
SUSAN ILLSTON
United States District Judge