**FILED**

**DEC 24 2008**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MATTHEW CATE. | No. 08-75116 |
| | D.C. No. 3:00-cv-00905-SI<br>Northern District of California,<br>San Francisco |
| MATTHEW CATE,<br><br>        Petitioner, | |
|   v. | ORDER |
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,<br><br>        Respondent, <br><br>ERNESTO G. LIRA,<br><br>        Real Party in Interest. | |

Before: GOODWIN, CLIFTON and BEA, Circuit Judges.

The Petitioner's Emergency Petition for Writ of Mandamus filed December 19, 2008, supporting papers and opposition thereto filed December 22, 2008 were reviewed by the motions panel. After consideration of the said filings and the record on file herein, the court issues the following orders:

KB/MOATT

1. Real Party in Interest Plaintiff Ernesto Lira's motion to strike is granted.

2. The Emergency Petition for Writ of Mandamus is granted in part, as set forth in this order.

3. The district court is ordered to prevent disclosure to plaintiff Lira of (a) those certain materials compiled by California Department of Corrections and Rehabilitation ("CDCR") in the course of its gang "validation" process that have been produced to plaintiff's counsel on an attorneys'-eyes-only basis or (b) the identities and records of confidential informants used by CDCR in its gang validation process of plaintiff.

4. If and when said materials are to be used or referred to at trial so that the identities of the confidential informants would be disclosed, the district court will clear the courtroom of the public, and of plaintiff Lira, and proceed in the presence of only those persons which the district court has previously authorized to know such identities, through its Stipulated Protective Order filed May 21, 2007.

5. If there is a proffer by plaintiff which establishes the need for plaintiff to learn of the identities of the confidential informants with respect to a material issue of fact, which issue is specifically identified by plaintiff in such proffer, the district court may, in camera, consider said proffer and any evidence and argument offered in support thereof, and any opposition thereto, and subject to the district court

making a finding on the record that such need exists, may at that point authorize plaintiff's counsel to inform plaintiff of the identities of said confidential informants. Any such information regarding the identities of the confidential informants to plaintiff shall take place outside the hearing of the public.

6. Any ruling by the district court which authorizes plaintiff's counsel to inform plaintiff of the identities of the confidential informants shall be subject to a renewed Emergency Petition for Mandamus; the district court will allow the State of California, should it so choose, a reasonable time in which to file such Emergency Petition for Mandamus.

**So ordered.**