IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO G. LIRA,<br><br>          Plaintiff,<br><br>     v.<br><br>MATTHEW CATE,<br><br>          Defendant.      / | No. C 00-905 SI<br><br>**ORDER STAYING ORDER AWARDING PLAINTIFF ATTORNEYS' FEES AND COSTS PENDING RESOLUTION OF NINTH CIRCUIT APPEAL** |

On April 23, 2010, the Court held a hearing on defendant's motion to stay the February 26, 2010 order, which awarded plaintiff attorneys' fees and costs, pending the resolution of defendant's appeal of the September 30, 2009 Findings and Fact and Conclusions of Law. Although plaintiff raised several objections to defendant's motion, plaintiff also stated that if defendant posted a proper supersedeas bond, he would stipulate to a stay of the attorneys' fees order until the conclusion of the pending appeal of the underlying judgment.

The Court finds that pursuant to its inherent power it is appropriate to stay the February 26, 2010 order conditioned upon defendant posting a supersedeas bond. Defendant objects to posting a bond on the ground that CDCR's ability to pay the fee award is "plain." In support of this assertion, defendant relies on the declaration of David Lewis, the Deputy Director of Fiscal Services for CDCR. Mr. Lewis states that CDCR has an $8.6 billion budget for the current fiscal year ending June 30, 2010, that CDCR's anticipated budget for FY 2010-11 is $8.8 billion, and that he is "not aware of any instance in which the CDCR has ever failed to honor a duly entered monetary judgment, judgment for fees or settlement." Lewis Decl. ¶¶ 5-6.

However, Mr. Lewis also states that CDCR has recently imposed a "hard spending freeze," and

the Court takes judicial notice of the facts that the State of California is facing a $20 billion budget deficit, that the Governor's proposed budget calls for reductions throughout state government, and that during the past year the State has furloughed much of its workforce and sought to pay its contractual and other legal obligations with vouchers.[1]  In addition, defendant has not made any showing that, in lieu of posting a bond, there are procedures currently in place, such as sequestering the funds, to ensure the payment of the fee order.

The Court also finds that it is not a hardship for defendant to post a bond.  At the hearing on this matter, defense counsel asserted that the process to post a bond would be burdensome and expensive. However, defendant has made no factual showing that it would be burdensome or expensive for the State to post a bond, and plaintiff has cited authority suggesting that the cost of a bond is relatively minimal.  *See Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986) (State corrections department required to post a bond for appeal of attorneys' fees award; stating cost of bond usually runs 1% of bond amount).

Accordingly, the Court GRANTS defendant's motion for a stay, conditioned upon defendant posting a supersedeas bond in the amount of $1.2 million, which reflects the $1,090,880 amount of awarded fees and costs, as well as "recoverable costs, and some amount for delay."  *Ruff v. County of Kings*, CV-F-05-631 OWW/GSA, 2009 WL 5195966, at *3 (E.D. Cal. Dec. 21, 2009) (requiring defendant county to post supersedeas bond to stay enforcement of judgment pending appeal, despite its claimed future ability to pay, due to present economic climate).  The parties assured by the bond should be named as "Howard Rice Nemerovski Cannady Falk & Rabkin, PC" and "Chapman Popik & White LLP, Attorney-Client Trust Account."

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion for a stay of the February 26, 2010 order conditioned upon defendant posting a supersedeas bond within 30 days of the filing date of

---

[1]  *See generally* http://www.ebudget.ca.gov/BudgetSummary/BSS/BSS.html.

2

this order. (Docket No. 514).[2]

**IT IS SO ORDERED.**

Dated: April 27, 2010

SUSAN ILLSTON
United States District Judge

---

[2] At the hearing on this matter, defense counsel requested that the Court stay *this* order to allow defendant time to seek relief from the Ninth Circuit regarding the condition of posting a bond. The Court DENIES this request.

3