**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNESTO G. LIRA, | No. 09-17446 |
| Plaintiff - Appellee, | D.C. No. 3:00-cv-00905-SI |
| v. | |
| HERRERA, Lt.; FIELDER; M. PILAND; J. BRIDDLE; J. STOKES; K. MANN; D. BEST; EDWARD S. ALAMEIDA, Jr.; BUSSER, Asst. Warden; TERESA SCHWARTZ; RICHARD J. KIRKLAND; JUDY OLSON; DONALD SCHMIDT, | MEMORANDUM[*] |
| Defendants, | |
| and | |
| MATTHEW CATE, Secretary of CDCR, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted February 18, 2011
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and THOMAS, Circuit Judges, and ADELMAN, District Judge.[**]

Defendant appeals the district court's declaratory judgment entered after a bench trial. We affirm. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

I

The district court did not err in concluding that the action was not moot given the evidence of continuing harm to the plaintiff. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that the live controversy requirement is satisfied when the plaintiff suffered an actual injury traceable to the defendant throughout the litigation). The district court was persuaded by the evidence that declaratory and injunctive relief would have a significant mitigating impact on the continuing adverse impact to the plaintiff. This factual finding is sufficient to satisfy the requirement that plaintiff's injury should be "likely to be redressed by a favorable judicial decision" in order to avoid being deemed moot. *Id.* Given the extensive record, we see no clear error in these factual findings as to injury and redressability. *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010) (stating

---

[**] The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for Eastern Wisconsin, Milwaukee, sitting by designation.

standard). The district court's factual finding of a "specific" and "concrete" effect on the plaintiff's mental health distinguishes this case from *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997) (holding that speculative consequences were too "ephemeral to constitute a collateral consequence for mootness purposes.").

II

The district court's extensive factual findings support the conclusion that Lira was denied procedural due process. When a prisoner is to be administratively segregated, due process requires that he receive "some notice" of the charges and "an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation." *Hewitt v. Helms*, 459 U.S. 460, 476 (1983); *see also Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir. 1990) (upholding a district court order requiring a hearing).[1] Lira had no notice or hearing with the appropriate prison officials prior to his validation as a gang member, and there was no further re-investigation or re-evaluation of the validation evidence after his transfer to administrative segregation. The defendant does not dispute the district court's finding that Lira never had a meaningful opportunity to

---

[1] Although *Sandin v. Conner*, 515 U.S. 472 (1995), abrogated *Hewitt*'s "methodology for establishing the liberty interest," *Hewitt* "remain[s] instructive for [its] discussion of the appropriate level of procedural safeguards." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005).

3

present his views. The record supports the district court's conclusion that the prison's post-segregation actions were not sufficient to cure the due process violation.

### III

To the extent that the district court relied on extrinsic evidence in concluding that the "some evidence" standard of *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) was not satisfied, it erred. "The *Hill* standard is minimally stringent." *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). Even evidence susceptible to more than one logical conclusion suffices to meet the *Hill* standard. *See Hill*, 472 U.S. at 457. Courts "do not examine the entire record, independently assess witness credibility, or reweigh the evidence." *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003).

However, to the extent that the district court considered extrinsic evidence in assessing whether Lira was prejudiced by the procedural due process violation, the supplemental evidence was relevant and properly considered. *See Ramirez-Alejandre v. Ashcroft*, 320 F.3d 858, 877 (9th Cir. 2003) (en banc) (superceded on other grounds by 8 C.F.R. § 1003.1(d)(3)(iv)) (noting the consideration of supplemental evidence in assessing prejudice resulting from a

4

procedural due process violation). In that context, the record overwhelmingly supports the conclusion that Lira was prejudiced from the due process violation.

IV

Given the procedural due process violation, the district court did not err in its entry of a declaratory judgment, and its remedy was appropriately tailored to the unique circumstances of this case. Given this resolution we need not, and do not, reach any other issue urged by the parties, and we express no opinion on those questions.

All pending motions are DENIED as moot.

**AFFIRMED.**